**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, v. [1] WANDA VAZQUEZ-GARCED, [2] JULIO M. HERRERA-VELUTINI, [3] MARK T. ROSSINI, **Defendants.** | CRIMINAL NO. 22-342(RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is non-party Oscar J. Serrano's ("Mr. Serrano") *Motion to Intervene for the Limited Purpose of Obtaining Access to Documents and for Further Remedy* (the "*Motion*"). (Docket No. 64). In the *Motion*, Mr. Serrano requests that the Court (1) grant his motion to intervene, (2) review all restricted filings made thus far by the parties to ascertain if sealing is warranted, (3) specifically order Docket Nos. 52, 58 and 62 be unsealed, and (4) direct the parties to file a public redacted version of any documents filed under seal in the future. Id. at 3.

As an initial matter, there is a real question as to whether Mr. Serrano has standing to present this *Motion*. Mr. Serrano posits that he should be able to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure. Id. at 1. However, the Federal Rules of *Civil* Procedure do not apply in this criminal

case, and the Federal Rules of *Criminal* Procedure do not expressly provide for intervention. *See* United States v. Blagojevich, 612 F.3d 558, 559 (7th Cir. 2010) ("The Federal Rules of Criminal Procedure lack a counterpart to Fed. R. Civ. P. 24, which allows intervention."). To that end, the First Circuit has expressly stated that "the right of a non-party to intervene in a criminal proceeding is doubtful." In re Globe Newspaper Co., 920 F.2d 88, 90 (1st Cir. 1990); *see also* In re Globe Newspaper Co., 729 F.2d 47, 50 n.2 (1st Cir. 1984) ("We have not decided – nor do we here – whether a media representative may, absent a rule for intervention analogous to Fed. R. Civ. P. 24, 'intervene' in a criminal action[.]"). Nonetheless, federal courts "generally have permitted limited intervention by the media for the purpose of pursuing access to court proceedings." United States v. Abdelaziz, 2021 WL 4295840, at *2 n.2 (D. Mass. 2021); *see also* Blagojevich, 612 F.3d at 559.

Given the unsettled case law on this issue, particularly within the First Circuit, the Court will refrain from ruling on Mr. Serrano's request to intervene in this action. However, the Court shares the concerns raised by Mr. Serrano and thus will address those topics.

First, nothing in this Court's Protective Order was meant to direct the parties to litigate this case under seal. The only time sealing is mentioned is in relation to requests from parties to

seek relief from the Protective Order. (Docket No. 27 at 4). **Thus, moving forward, the parties shall comply with the District of Puerto Rico's rules regarding sealing, including Standing Order No. 9, and refrain from unnecessarily sealing documents that should be viewable to the public.**

Second, the motions to restrict at Docket Nos. 51, 59 and 61 are **DENIED. The Court ORDERS Docket Nos. 52, 58 and 62 be unsealed.** The Court is particularly concerned by the sealing of Docket No. 58, which contains an innocuous request for a brief extension of time. Such requests shall not be restricted moving forward absent proper justification.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of August 2022.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge