# IN THE UNITED STATES COURT
# FOR THE DISTRICT OF PUERTO RICO

<u>MINUTES OF PROCEEDINGS:</u>

SILVIA L. CARRENO-COLL, U.S. DISTRICT JUDGE

| | |
|---|---|
| COURTROOM DEPUTY: María Elena Pintado-Espiet | Date: January 16, 2024 |
| COURT REPORTER: Evilys Carrion | **Criminal Case: 22-00240 (SCC)** |

==================================================================

| | Attorneys |
|---|---|
| United States of America | AUSA Seth Erbe<br>Trial Attorneys Ryan R. Crosswell and Nicholas W. Cannon |
| v. | |
| Wanda Vazquez-Garces | Attorneys Luis A. Plaza-Mariota, Peter John Porrata, Edgar L. Sanchez-Mercado and Ignacio Fernandez De Lahongrais |
| Julio M. Herrera-Velutini | Attorneys Sonia Torres-Pabon and Lilly Ann Sanchez |
| Mark T. Rossini | Attorneys Michael Brian Nadler, Juan J. Michelen and Lydia Lizarribar-Masini. |

A Status Conference as to Wanda Vazquez-Garced, Julio M. Herrera-Velutini and Mark Rossini was held on 1/16/2024. On behalf of the Government were AUSA Seth Erbe, Trial Attorneys Ryan R. Crosswell and Nicholas W. Cannon. On behalf of Defendant Vazquez-Garced were Attorneys Luis A. Plaza-Mariota, Peter John Porrata, Edgar L. Sanchez-Mercado and Ignacio Fernandez De Lahongrais. On behalf of Defendant Herrera-Velutini were Attorneys Sonia Torres-

Pabon and Lilly Ann Sanchez. And on behalf of Defendant Rossini were Attorneys Michael Brian Nadler, Juan J. Michelen and Lydia Lizarribar-Masini.

The Court began by addressing several housekeeping matters concerning translations and redactions. Specifically, the Court directed Counsels for Defendant Herrera-Velutini to the filings at Docket No. 413, 428 and 431 which contained various translations. The Court informed that the certifications in those filings did not appear to comport with Local Rule 5(c)'s requirements and therefore instructed Counsels for Defendant Herrera-Velutini to review the filings to take any necessary steps to ensure compliance with Local Rule 5(c). Regarding the redactions, the Court first addressed the pending redactions pertaining to Defendant Herrera-Velutini's Motion to Dismiss at Docket No. 262 and related filings. The Court pointed out that the Government's proposed redactions appeared to be inconsistent. For example, at times, a purported informant's name was redacted but in other sections it was not. Mr. Cannon stated that he would revise those redactions and inform whether there had been any oversights, if they should be corrected, or if the proposed redactions were in fact the intended redactions. Next, Counsels for Velutini-Herrera and the Government informed the Court that they had reached a consensus regarding the redactions for the Motion to Compel and Exclude Evidence filed at Docket No. 438. The redacted version of that Motion was therefore filed at Docket No. 454-1.

The Court then shifted the discussion to the status of the materials being reviewed by the Filter Team. Mr. Crosswell relayed that the Filter Team requested until March 1st to conclude its review and turn over all the non-privileged information. Counsel Plaza-Mariota then raised his concerns regarding the Government's most recent production, to wit, Production 11. He essentially moved

to join the motion filed by Defendant Rossini regarding this matter at Docket No. 453 and underscored that while the production appears to include text messages that he had requested the Government produce, the production is voluminous and is not searchable. Mr. Crosswell replied that once the next production rolls out, the same will be accompanied by the UFED Reader software which should take care of the searchability concerns. Counsel Sanchez echoed Counsel Plaza-Mariota's concerns regarding Production 11 and noted that it was untimely, prejudicial and should have been produced at an earlier stage of the proceedings. She added that Production 11 contains Brady material and 302s that date back to 2020 and 2021 that should have been produced at the outset of the litigation. Counsel Sanchez contends that Production 11 and everything produced after that, should be excluded from the Government's case in chief. Mr. Nadler reiterated his concerns regarding the volume and manner of the recent Government productions and also stated that Production 11 should not be used by the Government in its case in chief. He also requested for the Government to produce the original documents so that the metadata is still visible because the way that the documents have been produced do not include the metadata.

Mr. Crosswell explained that the reason why Rule 16 material is still being produced at this stage is because of the Filter Team's review process. He stated, however, that the Government is producing the documents as soon as the Filter Team clears it and added that the Government has taken an expansive approach towards production to ensure compliance with its discovery obligations. Mr. Crosswell also informed that Defendant Rossini requested until February 16th to turn over his privilege log, Defendant Herrera-Velutini requested until February 23rd and

Defendant Vazquez-Garced has not requested an extension, meaning that she will turn over her privilege log by January 26th.

The Court then turned to Defendant Herrera-Velutini's Motion at Docket No. 438. Mr. Cannon represented that everything that the Government has received from OCIF has been produced to the defense. He adds that the Government is looking for email communications between OCIF and FBI personnel, and if any are identified, they will be produced. As far as the production of the confidential human source case files are concerned, Mr. Crosswell explained that the Government has produced everything except the administrative materials contained in those files. Counsel Torres-Pabon averred that it is not up to the Government to determine whether a document is relevant and so the entire case files should be produced for an in-camera inspection whereby the Court may determine if everything that had to be produced was produced. The Court agreed to conduct an in-camera inspection of the case files. But because the documents are in the possession of the FBI, the Government will coordinate with the FBI so that an FBI agent can take the documents for the in-camera inspection. Lastly, the Court asked as to a potential meet and confer between the Government and Counsel for Herrera-Velutini regarding a hard drive with OCIF documents. Mr. Crosswell informed that that was a suggestion and that OCIF recently turned over a privilege log regarding the documents contained in the hard drive. The Government therefore represented that it would hand over the privilege log to Counsels for Herrera-Velutini to examine.

The Court also asked about the transfer of the CIPA documents. Mr. Cannon informed that somebody would contact Chambers to coordinate the transfer.

Regarding trial dates, while Counsel for Herrera-Velutini and Rossini stated that the jury trial should be scheduled for the first quarter of 2025, Counsel for Vazquez-Garced remains hopeful that the trial will take place in 2024. The Court ordered the parties to confer and select two dates to begin the jury trial before the end of 2024. Once a trial date is scheduled, the Court will set additional deadlines.

Lastly, Counsel Sanchez stated that she intends to supplement the Motion to Dismiss at Docket No. 262 and that she would like for the Court to schedule a hearing on that Motion. The Court noted that it will consider the request to determine if a hearing is necessary. Mr. Nadler pointed out that Defendant Rossini's defense team intends to file a supplemental motion in support of his Motion at Docket No. 453, but that he will wait until the discovery is completed to do so.

The Court finished off by saying that once the minute entry was entered, it would set various deadlines.