IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>  v.<br><br>[1] WANDA VÁZQUEZ GARCED,<br>[2] JULIO M. HERRERA VELUTINI,<br>[3] MARK T. ROSSINI,<br>Defendants. | CRIMINAL NO. 22-342 (SCC) |

### THE UNITED STATES' OPPOSITION TO DEFENDANT JULIO HERRERA VELUTINI'S MOTION FOR LEAVE TO FILE REPLY OR, IN THE ALTERNATIVE, MOTION TO FILE SURREPLY (ECF. NO. 448)

For the first time in Defendant Julio Herrera Velutini's Reply in Support of his Motion to Compel and Exclude identifies, he identifies the specific discovery he seeks to compel, and makes an argument about why the specific discovery he seeks are material. *See* Herrera's Reply in Support of Motion to Compel and Exclude ("Reply"), ECF No. 448-1, pp. 6-8 (Jan. 15, 2024). This is precisely what he failed to provide in his opening brief, as the Government pointed out in its response. *See* Government's Response in Opposition, ECF No. 447, pp.5-7 (January 10, 2024). In his reply, Herrera attempts to convince the Court that by simply attaching his discovery letters as exhibits in his opening brief, he met this burden. *See* Reply, at p. 6. But his discovery letters were 24 pages in length and contained dozens of requests, many of them not at issue in his motion, which concerned discovery from the Office of the Commissioner of Financial Institutions (OCIF). *See* Reply, pp. 3-10. This was not sufficient to allow the Government to properly respond to the defendant's discovery motion. The Government therefore requests that the Court not consider Herrera's arguments that were not properly raised in his opening brief or, in the alternative, allow the Government a surreply to properly respond to these arguments.

This is not the first time that Herrera has insufficiently briefed a matter in his opening

motion, then tried to backfill the missing facts or legal argument in his reply. *See* Herrera's Reply in Support of Motion to Enjoin, ECF. No. 143, pp. 11-14 (Dec. 13, 2022) (addressing preliminary injunction factors for first time) and Court's Order on Herrera's Emergency Motion to Enjoin, ECF. No. 170, p. 9 (Feb. 28, 2023) (noting that Herrera did not sufficiently brief the preliminary injunction factors). This practice violates the Court's rules, which require that replies be "strictly confined to responding to new matters raised in the objection or opposing memorandum." *See* L.Civ.R. 7(c) (D.P.R. 2023) (incorporated by L.Crim.R. 112 (D.P.R. 2023)); *cf also Azulay v. Machini*, 2009 U.S. Dist. LEXIS 142772, *12 (D.P.R., Jan. 22, 2009) ("While I note that this argument was <u>improperly</u> raised for the first time in Machini's reply brief, the court must take seriously all challenges to its subject matter jurisdiction." (emphasis added)).

When Herrera fails to meet the barebones requirements in an opening motion and the Government responds by noting the deficiency, he is not responding to a "new matter" by providing the missing information in his reply. Rather, he is attempting to rehabilitate a deficient argument in a manner that puts the Government at a distinct disadvantage. It is well within a district court's broad discretion to not consider arguments newly made in a reply. Indeed, courts within this Circuit and elsewhere regularly refuse to consider arguments raised for the first time in a reply. *United States v. Castro-Caicedo*, 2022 U.S. Dist. LEXIS 162397, at *2 (D. Mass., Sept. 8, 2022) ("The court is not considering this argument for two reasons. First, "[n]ew arguments may not be raised for the first time in a reply brief." (citing *Villoldo v. Castro Ruz*, 821 F.3d 196, 206 n.5 (1st Cir. 2016) ("And, in any event, new arguments may not be raised for the first time in a reply brief.")); *United States v. Smith*, 2000 U.S. Dist. LEXIS 21926, at *8 n.2 (D. ME, Apr. 18, 2000) ("Claims raised for the first time in a reply memorandum will not be considered by the court."); *United States v. Wentworth*, 2023 U.S. Dist. LEXIS 139469, at *2 n.1 (D. Mass., Aug.

10, 2023) ("Where, as here, a moving party raises an argument for the first time in a reply, that argument is waived."); *United States v. Ford*, 183 F. Supp. 3d 22, 38 (D.D.C. 2016) ("These new bases for suppression are waived because [the defendant] raised them for the first time in his reply brief."); *Steele v. United States*, 14-cv-1523, 2023 WL 2139722, at *14 (D.D.C. Feb. 21, 2023) ("[T]he Court will not consider plaintiffs' argument, raised for the first time in their reply brief . . . . Whatever the merits of that argument, plaintiffs had every opportunity to include it in their opening summary judgment brief but chose not to do so. Arguments raised for the first time in a reply brief are waived.'") (quoting *Nippon Shinyaku Co., Ltd. v. Iancu*, 369 F. Supp. 3d 226, 239 n.8 (D.D.C. 2019)).

For this reason, the Court here should not consider Herrera's arguments that were not properly raised in his opening brief – in particular, his materiality arguments on pages 6-8 of his reply. The most basic, threshold requirement of a motion to compel is listing the discovery requests in dispute and explaining their materiality. *See United States v. Flete-Garcia*, 925 F.3d 17, 33 (1st Cir. 2019) ("To prevail on a motion to compel, the defendant must show a likelihood of prejudice stemming from the government's nondisclosure."); *United States v. Goris*, 876 F.3d 40, 44 (1st Cir. 2017) ("The defendant, as the moving party, bears the burden of showing materiality" under Fed. R. Crim. P. 16) (citing *United States v. Carrasquillo-Plaza*, 873 F.2d 10, 12 (1st Cir. 1989) ("[E]ven assuming that the alibi witness statements are covered by this rule, defendant did not make a request, together with a prima facie showing of materiality, for the statements as required under [Fed. R. Crim. P. 16].")). The Government cannot respond in opposition to arguments the Defendant never made in the first instance.

Not allowing Herrera to make his argument in reply is particularly appropriate here, given that Herrera also disregarded another section of Local Rule 7 in his reply by going beyond the

allowed page limit, even after the Court's admonishment to the parties to avoid doing so. *See* Minute Entry Granting Herrera's Motion for Leave to File Excess Pages, ECF. No. 347 (October 16, 2023) (granting Herrera's Motion for Leave to File Excess Pages, but noting that moving forward, the Court "will be paying close attention to these requests" and "strict adherence to Local Rule 7(e) is expected.").

The Government respectfully requests that in deciding on Herrera's motion, the Court not consider his materiality arguments made for the first time in his reply, specifically those at pages 6-8.

## Certificate of Service

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

**RESPECTFULLY SUBMITTED**, this 22nd day of January, 2024.

    COREY R. AMUNDSON
    Chief, Public Integrity Section
    U.S Department of Justice

    */s/ Ryan R. Crosswell*
    Ryan R. Crosswell (G03502)
    Nicholas W. Cannon
    Trial Attorneys
    Department of Justice
    Public Integrity Section
    1301 New York Ave., NW - 10th Floor
    Washington, D.C. 20530
    (202) 616-5699
    ryan.r.crosswell@usdoj.gov