IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] WANDA VÁZQUEZ GARCED,<br>[2] JULIO M. HERRERA VELUTINI,<br>[3] MARK T. ROSSINI,<br>Defendants. | CRIMINAL NO. 22-342 (SCC) |

**PARTIES' JOINT INFORMATIVE MOTION REGARDING MEET AND CONFER**

The United States of America and defendants [1] Wanda Vázquez-Garced, [2] Julio M. Herrera Velutini, and [3] Mark T. Rossini file this joint informative motion regarding a meet and confer addressing the Office of the Commissioner of Financial Institutions' (OCIF) privilege log pursuant to the Court's Order (ECF No. 457), and state as follows:

### *Background*

1. In March 2020, after being asked to resign as Commissioner of OCIF, OCIF Commissioner A met with two FBI agents for an interview. On that occasion, OCIF Commissioner A provided the FBI agents with a hard drive that he claimed contained email communications and letters supporting the statements he would provide in his interview. The Government is still in possession of a copy of this hard drive. It has not been produced in discovery. The Government requested that counsel for OCIF examine its contents and indicate whether there were any communications on the hard drive over which it wished to assert attorney-client privilege.

### *OCIF's Position*

2. On January 11, 2024 counsel for OCIF provided the Government with a privilege log in which it asserted a privilege or basis for non-disclosure over approximately 104 documents.

Of those, it asserted attorney-client privilege over 44 documents. It also asserted several other privileges and bases for non-disclosure, including "Bank Examiner" privilege over 8 documents, "Executive Privilege; Inter Alia" over 2 documents, "Law Enforcement Agency" privilege over 6 documents, "Confidential Information of a Regulated Entity" over 3 documents, and "Confidential/Suspicious Activity Report" over 44 documents. Exhibit 1 to this joint motion is a copy of OCIF's privilege log.

### *Defendants' Positions*

3. Defendant Wanda Vazquez takes no position on the matter.

4. Defendant Julio Herrera objects to all OCIF's privilege assertions. Herrera, however, has indicated that he has no objection to OCIF withholding from production Suspicious Activity Reports not related to this case. Further, as a compromise, Herrera proposes an Attorneys' Eyes-Only examination of the Suspicious Activity Reports that are related to this case in a physical location to determine if any non-relevant material can be excluded. Herrera requests that this examination not constitute a waiver of his objections to non-disclosure of those particular Suspicious Activity Reports or those objections raised with the government regarding the information in the privilege log. Additionally, Herrera has proposed entering into a confidentiality agreement or protective order governing the use of the documents.

5. Defendant Mark Rossini objects to all of OCIF's privilege assertions, but he also has no objection to OCIF withholding from production Suspicious Activity Reports not related to this case.

### *The Government's Position*

6. The Government does not oppose Herrera's and Rossini's requests that all documents for which OCIF has asserted any privilege or basis for non-disclosure other than

attorney-client privilege and "Confidential/Suspicious Activity Report" should be produced in discovery. However, the Government requests that the Court allow for OCIF to be heard on the matter before deciding if this material should be produced in discovery.

7. The Government takes no position on documents for which OCIF has asserted attorney-client privilege. The Government requests that the Court allow for OCIF to be heard on the matter before deciding if this material should be produced in discovery.

8. The Government agrees with OCIF that all Suspicious Activity Reports should be withheld from discovery.

9. Regarding Herrera's objections to the information in OCIF's privilege log, the Government has requested that OCIF provide further detail about the information in the privilege log and is awaiting its response.

10. The Government requests that its positions not constitute any waivers of objections to discoverability or admissibility of the documents at trial.

### Certificate of Service

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

**RESPECTFULLY SUBMITTED**, this 22nd day of February, 2024.

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S Department of Justice

*/s/ Nicholas W. Cannon*
Nicholas W. Cannon (G01814)
Ryan R. Crosswell (G03502)
Trial Attorneys
Department of Justice
Public Integrity Section
1301 New York Ave., NW - 10th Floor
Washington, D.C. 20530

(202) 514-8187
Nicholas.cannon2@usdoj.gov