IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

WANDA VÁZQUEZ-GARCED [1],
JULIO M. HERRERA VELUTINI
[2], AND MARK T. ROSSINI [3],

Defendants.

CRIM. NO.: 22-342 (SCC)

**OPINION AND ORDER**

Pending before the Court is a motion to dismiss by Defendant Julio M. Herrera Velutini ("Herrera"). Docket No. 688.

## I. BACKGROUND

In August 2022, a grand jury returned a seven-count indictment charging Wanda Vázquez-Garced ("Vázquez"), Mark T. Rossini ("Rossini"), and Herrera with conspiracy, federal program bribery, and honest services wire fraud in a seven-count Indictment. Docket No. 3. Count One charges a conspiracy under 18 U.S.C. § 371. Counts Two and Three charge federal program bribery under 18 U.S.C. §§ 666(a)(2) and 2 and 18 U.S.C. §§ 666(a)(1)(B) and 2 respectively. Count Four charges honest services wire fraud under 18 U.S.C. §§

| United States of America v. | Page 2 |
|---|---:|
| Vázquez-Garced, et al. | |

1343, 1346, and 2. Counts Five, Six, and Seven are against Herrera only and under 18 U.S.C. §§ 371, 666(a)(2) and 2, 1343, 1346, and 2.

Allegedly, Vázquez, former Governor of Puerto Rico, Herrera, ultimate owner of Bancrédito, an international bank that conducted business in Puerto Rico during the time covered by the Indictment, Rossini, a professional consultant, and others who have not been indicted engaged in a bribery scheme in which Vázquez replaced the head of Puerto Rico's financial regulator ("OCIF") with a Commissioner of Herrera's choosing in exchange for Herrera providing campaign contributions and political consulting services. Docket No. 3, ¶¶ 5–8, 29–36. This personnel change followed OCIF investigations into alleged regulatory violations by Bancrédito. *Id.* at ¶¶ 25–26. As to Counts Five, Six, and Seven, they pertain to a distinct scheme by Herrera. *Id.* at ¶¶ 137–74, 177, 179–80. A separate trial has been ordered as to these counts. Docket No. 427.

Herrera moved to dismiss under Rule 12 of the Federal Rules of Criminal Procedure. Docket No. 688. Vázquez

| | |
|---|---|
| United States of America v.<br>Vázquez-Garced, et al. | Page 3 |

requested joinder, Docket No. 705, a request the Court granted, Docket No. 710. The Government opposes Herrera's motion. Docket No. 731. Herrera replied. Docket No. 751.

At the status conference held on December 12, 2024, Herrera asked for oral argument on the motion. Docket No. 772. The Government opposed the request. *Id.* "After hearing from the parties, the Court held in abeyance [the] request [for oral argument] and clarified that it will review [Herrera's] motion[] and determine if oral argument is necessary or if it will afford the parties additional time to supplement the motion[]." *Id.*

At the February 13, 2025, status conference, the Court "clarified that it did not need to hear oral argument[] or hold an evidentiary hearing to rule on [Herrera's] motion[] to dismiss." Docket No. 808, pg. 2. Rather, the Court "will rule on the papers." *Id.*

## II. LEGAL STANDARD

An indictment must be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is

sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend and enables him to enter a plea without fear of double jeopardy." *United States v. Yefsky*, 994 F.2d 885, 893 (1st Cir. 1993) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "A well-pleaded indictment can parrot 'the statutory language to describe the offense, but it must also be accompanied by such a statement of facts and circumstances as to inform the accused of the specific offense with which he is charged.'" *United States v. Parigian*, 824 F.3d 5, 9 (1st Cir. 2016) (quoting *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir. 2012)).

"[A] court must reject arguments that embrace technical niceties at the expense of common sense." *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018). Further, "though helpful in interpreting a criminal statute," judicial gloss "need not be included verbatim in the charging document." *United States v. Troy*, 618 F.3d 27, 35 (1st Cir. 2010).

The allegations in an indictment must be taken as true at the motion-to-dismiss stage. *United States v. Guerrier*, 669

| United States of America v. | Page 5 |
|---|---|
| Vázquez-Garced, et al. | |

F.3d 1, 3–4 (1st Cir. 2011). Further, "the government need not put forth specific evidence to survive a motion to dismiss." *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015). Indeed, "a Rule 12(b) motion" is not "an occasion to force the government to defend the sufficiency of its evidence to be marshalled in support of proving the charged offense." *United States v. Rodríguez-Rivera*, 918 F.3d 32, 35 (1st Cir. 2019). Accordingly, "a court must deny a motion to dismiss if the motion relies on disputed facts." *Stepanets*, 879 F.3d at 372. *See also* Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine <u>without a trial on the merits</u>.") (emphasis added).

### III. ANALYSIS

Herrera seeks dismissal of the entire Indictment for failure to allege "official acts" under the federal program bribery and honest services fraud statutes. He also challenges Counts Two and Six specifically, arguing that the federal program bribery statute is unconstitutionally vague as applied to him. Vázquez "join[ed] and adopt[ed] [Herrera's] legal arguments" because "they are equally applicable to

| United States of America v. | Page 6 |
|---|---|
| Vázquez-Garced, et al. | |

her." Docket No. 705, pg. 1. If there are any differences, she has not developed the argument and thus waived it. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

The Court outlines the two statutes. It then addresses Herrera's arguments in turn and finds that they both fail.

### A. The Statutes

The federal program bribery statute, 18 U.S.C. § 666, covers bribe takers and givers. § 666(a)(1)(B) criminalizes "corruptly solicit[ing] or demand[ing] for the benefit of any person, or accept[ing] or agree[ing] to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more." § 666(a)(2) covers "giv[ing], offer[ing], or agree[ing] to give" a bribe under the same circumstances. The statute encompasses Puerto Rico. *See id.* § 666(d)(4).

The Supreme Court recently addressed § 666 in *Snyder v. United States*, 603 U.S. 1 (2024). The *Snyder* Court held that, while § 666 criminalizes "bribes that are promised or given

| United States of America v. | Page 7 |
|---|---:|
| Vázquez-Garced, et al. | |

before the official act," it does not criminalize "gratuities—for example, gift cards, lunches, plaques, books, framed photos, or the like—that may be given as a token of appreciation after the official act." *Id.* at 5 (emphasis in original). The First Circuit had so decided prior to *Snyder*. *See United States v. Fernandez*, 722 F.3d 1 (1st Cir. 2013).

The *Snyder* Court found that "[t]he term 'corruptly'" in § 666 "signals that [it] is a bribery statute." 603 U.S. at 18. "[S]trongly reinforc[ing] that textual signal" are "statutory history, statutory structure, statutory punishments, federalism, and fair notice." *Id.* All these "together establish that § 666 is a bribery statute." *Id.* And as the Supreme Court has held in the context of 18 U.S.C. § 201, on which § 666 was based, *see Fernandez*, 722 F.3d at 20, bribery requires "a quid pro quo—a specific intent to give or receive something of value in exchange for an official act," *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404–05 (1999) (emphasis in original).

The honest services fraud statute prohibits use of interstate wires to advance a "scheme or artifice to defraud,"

| United States of America v. | Page 8 |
|---|---|
| Vázquez-Garced, et al. | |

18 U.S.C. § 1343, which "includes a scheme or artifice to deprive another of the intangible right of honest services," *id.* § 1346. § 1346 "covers only bribery and kickback schemes." *Skilling v. United States*, 561 U.S. 358, 368 (2010).

### B. Official Acts

Herrera argues that "the Supreme Court has significantly circumscribed the Government's ability to prosecute federal program bribery and honest services wire fraud." Docket No. 688, pg. 3. He cites to *McDonnell v. United States*, 579 U.S. 550 (2016). There, "[t]he parties agreed that they would define honest services fraud with reference to the federal bribery statute, 18 U.S.C. § 201." *Id.* at 562. The Supreme Court imported the "official act" requirement from § 201 and found that "the Government was required to show that [former Virginia] Governor McDonnell committed (or agreed to commit) an 'official act' in exchange for the loans and gifts." *Id.* at 555.

Herrera acknowledges that he "is not charged with violating § 201," but cites to it—and *McDonnell*—since "its text features prominently in Supreme Court decisions

| United States of America v. | Page 9 |
|---|---|
| Vázquez-Garced, et al. | |

involving statutes [he] is charged with: honest services wire fraud and federal program bribery." Docket No. 688, pg. 3. Specifically as to federal program bribery, Herrera argues that *Snyder* imported the official act requirement into the statute. *See id.* at pgs. 8–11.

Herrera also cites to *Percoco v. United States*, 598 U.S. 319 (2023). Percoco was convicted of honest services fraud based on a bribe he received during an 8 month break in his employment at the New York governor's office from a real estate developer to assist the developer with obtaining state funding on a project. *Id.* at 322–23. Percoco was convicted of honest services fraud "based on instructions that required the jury to determine whether he had a 'special relationship' with the government and had 'dominated and controlled' government business." *Id.* at 322. The Supreme Court held that the jury instructions were impermissibly vague and that the resulting error was not harmless. *Id.* at 330–32. At the same time, the Supreme Court rejected Percoco's argument that a private citizen "cannot be convicted of depriving the public of honest services." *Id.* at 329.

| United States of America v. | Page 10 |
|---|---:|
| Vázquez-Garced, et al. | |

Herrera's challenge misses the mark. The federal program bribery statute does not require an official act. Even if such a requirement is imported into it, the Indictment sufficiently alleges federal program bribery, as well as honest services wire fraud. And *Percoco* is inapplicable.

The First Circuit in *United States v. O'Donovan* noted that, while the Supreme Court in *Snyder* "used the term 'official act' to refer to the action solicited by the defendant from a public official," the question of "[w]hether § 666 includes an official-act requirement was not . . . presented or expressly addressed in *Snyder*." 126 F.4th 17, 39 n. 14 (1st Cir. 2025). *O'Donovan* thus precludes Herrera's *Snyder* argument.

To the extent Herrera argues that an official act requirement should be imported into § 666, the Court disagrees. "[E]very court of appeals to have considered the issue has determined that [§ 666] does not" require an official act. *Id.* at 39 (citing *United States v. Lindberg*, 39 F.4th 151, 165–69 (4th Cir. 2022); *United States v. Roberson*, 998 F.3d 1237, 1245–47 (11th Cir. 2021); *United States v. Ng Lap Seng*, 934 F.3d 110, 131–38 (2d Cir. 2019); *United States v. Porter*, 886 F.3d 562,

| United States of America v. | Page 11 |
|---|---|
| Vázquez-Garced, et al. | |

565–66 (6th Cir. 2018)). All the cases cited by the First Circuit were decided after *McDonnell*.

There is good reason not to import the official act requirement into § 666. In construing § 666, and any other statute, "[f]irst is the text." *Snyder*, 603 U.S. at 11 (emphasis in original). § 666 places no "definitional limits on the business or transactions to be influenced—beyond requiring them to be 'of' the organization receiving more than $10,000 in federal funding and to have a 'value of $5,000 or more.'" *Ng Lap Seng*, 934 F.3d at 133 (quoting § 666(a)(2)). And "the bribery proscribed by [it] need not pertain directly to the business or transactions of an organization receiving federal funding." *Id.* Rather, "it need only be 'in connection with' it." *Id.* Further, § 666 does not raise the "constitutional concerns" noted in *McDonnell* "about vagueness, representative government, and federalism." *Id.* at 134. At bottom, the text of § 666 is "plain" and the "disposition required by" it "not absurd." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (cleaned up). Accordingly, the Court's "sole function" is "to enforce it according to its terms." *Id.*

| United States of America v. | Page 12 |
|---|---:|
| Vázquez-Garced, et al. | |

Even if an official act requirement was somehow read into the federal program bribery statute, Herrera's challenge to the Indictment still fails, as to both that statute and honest services wire fraud. The Indictment sufficiently pleads official acts.

Under *McDonnell*, "[s]etting up a meeting, talking to another official, or organizing an event (or agreeing to do so)—without more—does not fit th[e] definition of 'official act.'" 579 U.S. at 574. At the same time, "[i]f an official sets up a meeting, hosts an event, or makes a phone call on a question or matter that is or could be pending before another official," a "jury could conclude, for example, that the official was attempting to pressure or advise another official on a pending matter." *Id.* at 573. "And if the official agreed to exert that pressure or give that advice in exchange for a thing of value, that would be illegal." *Id.*

Post-*McDonnell*, the First Circuit found that a Puerto Rico official engaged in official acts by helping a business develop a proposal and "provid[ing] [it] with access to information that it otherwise would not have had." *United*

*States v. Falcón-Nieves*, 79 F.4th 116, 129 (1st Cir. 2023). In another case, it found official acts where the defendant "agreed to 'advise' the mayors of the relevant municipalities 'knowing or intending that such advice w[ould] form the basis for an "official act"' by those municipal officials— namely, the awarding of contracts by those municipalities to a company associated with [a briber]." *United States v. Carrasco*, 79 F.4th 153, 161 (1st Cir. 2023) (quoting *McDonnell*, 579 U.S. at 574).

Across the various counts, the Indictment alleges that Vázquez, in exchange for contributions from Herrera, forced an OCIF commissioner to resign and appointed another commissioner, Docket No. 3, ¶¶ 29–31, 85, 118, 128, and that Herrera offered a bribe to a public official intending for that official to influence OCIF to end its examination of Herrera's bank, *id.* at ¶¶ 138, 148. These allegations are more than enough to survive dismissal, and the "jury, not this Court, must determine whether [the] actions . . . constitute an official act or evidence an agreement to take an official act." *United States v. Keleher*, 505 F. Supp. 3d 41, 48 (D.P.R. 2020).

Finally, *Percoco* is inapposite. In *Percoco*, the private citizen was alleged to himself have violated a duty of honest services. 598 U.S. at 322–23. Here, Herrera allegedly devised a scheme to deprive the public of a public official's honest services by way of bribing that official. Docket No. 3, ¶ 179.

### C. Vagueness

"Vague laws contravene the 'first essential of due process of law' that statutes must give people 'of common intelligence' fair notice of what the law demands of them." *United States v. Davis*, 588 U.S. 445, 451 (2019) (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)). Such laws "also undermine the Constitution's separation of powers and the democratic self-governance it aims to protect." *Id.* The vagueness doctrine thus "guards against arbitrary or discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges." *Sessions v. Dimaya*, 584 U.S. 148, 156 (2018).

Herrera thinks § 666 "unconstitutionally vague as applied to [him] at the time of the Indictment." Docket No.

| United States of America v. Vázquez-Garced, et al. | Page 15 |
|---|---|

688, pg. 18. The Indictment was filed in August 2022. At that time, "[e]very circuit court to have addressed this issue ha[d] held that § 666 is not void for vagueness." *United States v. Donagher*, 520 F.Supp.3d 1034, 1054 (N.D. Ill. 2021) (citing *Ng Lap Seng*, 934 F.3d at 138; *United States v. Hardin*, 874 F.3d 672, 677 (10th Cir. 2017); *United States v. Nelson*, 712 F.3d 498, 510 (11th Cir. 2013); *United States v. Crozier*, 987 F.2d 893, 900 (2d Cir. 1993)).

Herrera argues that there was a "seismic shift" when *Snyder* imported the official act requirement into § 666 and that that "is important when evaluating whether [he] was on notice that his alleged conduct might be illegal." Docket No. 688, pg. 20. To Herrera, "*Snyder* further illustrates that § 666 invited arbitrary and discriminatory enforcement prior to its decision." *Id.*

The Court disagrees. *Snyder*, as explained above, did not import an official act requirement into § 666. Herrera provides no argument, and the Court can see none, that § 666 as properly construed, that is without an official act requirement, is unconstitutionally vague as applied to him.

| United States of America v. | Page 16 |
|---|---|
| Vázquez-Garced, et al. | |

And assuming the soundness of Herrera's *Snyder*-based assumption, his challenge still fails. In *McDonnell*, the Supreme Court refused to find the honest services fraud statute unconstitutionally vague "[b]ecause [it] interpreted the term 'official act' in § 201(a)(3) in a way that avoid[ed] the vagueness concerns raised by Governor McDonnell." 579 U.S. at 580. Indeed, *McDonnell*'s "more constrained interpretation of § 201(a)(3) avoid[ed] th[e] 'vagueness shoal.'" *Id.* at 576 (quoting *Skilling*, 561 U.S. at 368). The more constrained interpretation of § 666 Herrera champions, that is with an official act requirement, avoids the vagueness concerns he raises.

A final note. Herrera makes vague references to the rule of lenity and the First Amendment. Neither salvages his challenge to the Indictment.

"[M]uch like the vagueness doctrine, [the rule of lenity] is founded on 'the tenderness of the law for the rights of individuals' to fair notice of the law 'and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department.'" *Davis*, 588 U.S. at

| United States of America v. | Page 17 |
|---|---|
| Vázquez-Garced, et al. | |

464–65 (quoting *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 95 (1820) (Marshall, C.J.)). Its "teaching [is] that ambiguities about the breadth of a criminal statute should be resolved in the defendant's favor." *Id.* at 464. Herrera does not refer to lenity by name. All he states is that "[i]n situations like these, 'an ambiguous criminal statute is to be construed in favor of the accused.'" Docket No. 688, pg. 20 (quoting *Staples v. United States*, 511 U.S. 600, 619 n. 17 (1994)). His "skeletal" argument is deemed waived. *Zannino*, 895 F.2d at 17. And even if that were not the case, lenity, as the Supreme Court held in *Salinas v. United States*, a § 666 case, "does not apply when a statute is unambiguous or when invoked to engraft an illogical requirement to its text." 522 U.S. 52, 65 (1997). If anything, Herrera's reading of § 666 would introduce ambiguity, as well as an illogical requirement into its text.

As to the First Amendment, § 666 "does not implicate [it]." *United States v. Thompson*, 501 Fed.Appx. 347, 365 (6th Cir. 2012). And Herrera has offered no good argument that § 666 has been applied in a way that "threaten[s] the legitimate exercise of First Amendment rights." *Id.* On the

| United States of America v. | Page 18 |
| Vázquez-Garced, et al. | |

contrary, Herrera's argument, *see* Docket No. 688, pgs. 20–21, is barebones and thus deemed waived, *Zannino*, 895 F.2d at 17.

### IV. CONCLUSION

Dismissal of an indictment "directly encroaches upon the fundamental role of the grand jury" and "is appropriately reserved, therefore, for extremely limited circumstances." *Whitehouse v. U.S. Dist. Court for the Dist. of R.I.*, 53 F.3d 1349, 1360 (1st Cir. 1995). Herrera falls short of showing that such encroachment is warranted in this case. The motion to dismiss at Docket No. 688 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of June 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE