IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WANDA VÁZQUEZ-GARCED [1], JULIO M. HERRERA-VELUTINI [2] AND MARK T. ROSSINI [3], <br><br> Defendants. | CRIM. NO. 22-342 (SCC) |

**ORDER**

"When the Federal Government believes that someone has run afoul of a criminal statute and decides to exercise its prosecutorial discretion to pursue punishment for that violation, it persuades a grand jury that there is probable cause to indict." *See Trump v. United States*, 603 U.S. 593, 688 (2024) (Jackson, J., dissenting). That is precisely what the Government did when it charged Mrs. Wanda Vázquez-Garced, Mr. Julio M. Herrera-Velutini and Mr. Mark T. Rossini in this case. The case docket reflects that, for almost three years (without counting the years spent by law enforcement officials investigating the allegations included in the Indictment), the Government zealously prosecuted its case against those Defendants. The record shows extensive motion practice and the status conference minutes memorialized the disputes regarding the voluminous

discovery that was produced to the defense teams. The record also confirms the ancillary discovery disputes that came about between several defendants and third parties. Most fundamentally, the record also shows the Court denied several motions to dismiss that challenged the Indictment's sufficiency. *See* Docket Nos. 498, 873 and 874.

In a turn of events, however, the Defendants announced that they reached an agreement with the Government. Pursuant to that agreement and following directives presumably issued by Main Justice, they informed that the United States Attorney's Office for the District of Puerto Rico would no longer pursue the charges included in the Indictment. *See* Docket Nos. 863, 869, 877 and 881. Instead, the Government would file one-count criminal informations. *See* Docket Nos. 877 and 881.

The informations were filed on June 30, 2025. *See* Crim. Nos. 25-296, 25-297 and 25-298. They charge the Defendants with violating 52 U.S.C. § 30121. That is, the Defendants are now charged with violating the Federal Electoral Campaign Act ("FECA").

Strikingly, the penalty for violating Section 30121 of the FECA is a mere slap on the wrist when compared to the

sentencing exposure the Defendants faced if convicted of the conduct charged in the Indictment. But alas, the Government's decision to shift gears at the eleventh hour is allowed because ultimately the Government decides how it will exercise its prosecutorial discretion. *See United States v. Texas*, 599 U.S. 670, 678–679 (2023). So, because the Court will not violate separation of power principles and holds the utmost respect for the Constitution and the rule of law, it is left with no other option but to respect the Government's decision.

　　　　One loose end remains. The Defendants, with the Government's acquiescence, move the Court to, pursuant to Federal Rule of Criminal Procedure 43(b)(2), allow them to appear by video-teleconference for their arraignments and plea hearings. *See* Docket No. 877. Rule 43(b)(2)'s text, however, is discretionary, not mandatory. While the Defendants are now charged with a misdemeanor offense, it is still an offense that lacerates the integrity of our democratic electoral process. The offense charged represents an attack on a fundamental principle of our democratic society: free and fair elections. Accordingly, the Court will not exercise its discretion to allow the arraignment and plea hearings to be

| UNITED STATES OF AMERICA V. VÁZQUEZ-GARCED, ET AL. | Page 4 |
|---|---|

held by video-teleconference. Therefore, on or before **July 15, 2025**, the Defendants and the Government must file a joint motion stating their availability to hold the arraignments and plea hearings, in person.[1] The request at Docket No. 877 is **NOTED and DENIED.**

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 8th day of July 2025.

                S/ SILVIA CARREÑO-COLL
          UNITED STATES DISTRICT COURT JUDGE

---

[1] The Joint Motion in Compliance must be filed in the new cases. Not in this case.