IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> [1] WANDA VAZQUEZ GARCED, *et. al.* <br><br> Defendants. | CRIMINAL NO. 22-342 (SCC) |

### UNITED STATES' RESPONSE TO DEFENDANT VAZQUEZ-GARCED'S INFORMATIVE MOTION

TO THE HONORABLE COURT:

Defendant Wanda Vazquez Garced filed an Informative Motion to Clarify the Record Regarding Plea Negotiations. *See* ECF No. 887. The motion does not seek any specific relief, and a response would generally not be required. But a limited response is necessary to alert the Court to false statements made in Vazquez's motion regarding the meeting that occurred in Washington, D.C. [1]

First, the United States emphatically denies that the statements (or any similar statements) attributed to government counsel and Department leadership during the meeting that the prosecutors "took our chances" or that "the indictment has collapsed and is no longer viable," were made. The quotations attributed to government counsel and

---

[1] The United States' limited response on only some allegations presented in the motion should not be (nor is it intended to be) interpreted that the United States agrees with any of defendant's other allegations not specifically addressed in this response. The United States also does not address statements made by Counsel Plaza to the media, including his radio interview this morning on WKAQ 580 AM.

Department leadership in Vazquez's motion are completely fabricated. The indictment in this case did not "collapse" and the United States stands ready to proceed to trial, if necessary.

The United States also disagrees with defense counsel's other characterizations regarding the meeting, including: the effect of Counsel Plaza's presentation; that the government was confronted with overwhelming contradictory evidence; and there was a lack of a legally viable case or provable *quid pro quo*. In fact, most – if not all – of the information that Counsel Plaza presented (which was minimal) was contained in the discovery provided by the United States to all counsel or already known to the government.

Lastly, the United States denies that statements by the United States at the press conference after the indictment alleged or implied that the defendant personally benefitted from the scheme, including approximately $300,000. Defendant Vazquez boldly concludes by stating that the motion "clarifies the record to reflect the truth" with the falsehood that the negotiated resolution flowed from "new compelling and exculpatory evidence uncovered through defense investigation." That is simply not the case.

While the United States was (and remains) prepared to try the case as charged in the indictment, the negotiated resolution with this defendant and the other defendants was appropriate and consistent with the enforcement priorities of the Justice Department. In addition, the United States maintains its position that the plea negotiations were conducted in good faith on behalf of the United States and served to conserve prosecutorial and judicial resources.

WHEREFORE, the United States requests that the Court take notice of the foregoing and for such other and further relief as is just and proper.

## Certificate of Service

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

RESPECTFULLY SUBMITTED, this 13th day of August 2025.

W. STEPHEN MULDROW
United States Attorney

*s/Myriam Y. Fernandez-Gonzalez*
Myriam Y. Fernandez-Gonzalez - 218011
Assistant U.S. Attorney
Torre Chardón, Suite 1201,
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Office: 787-766-5656
myriam.y.fernandez@usdoj.gov