IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WANDA VÁZQUEZ-GARCED [1], <br><br> Defendant. | CRIM. NO. 22-342 (SCC) |

**ORDER**

While the Court **NOTES** Mrs. Wanda Vázquez-Garced's filing at Docket No. 887, it is imperative to underscore that all orders entered by the Court in this docket contain relevant citations and are based on representations and information readily available in this record. To imply otherwise would be disingenuous.

Mrs. Vázquez-Garced has chosen to disclose her version of events regarding what reportedly transpired during her plea negotiations with the U.S. Attorney's Office in Puerto Rico and Main Justice. The U.S. Attorney's Office in Puerto Rico disagrees with the representations she has made and has expressed that, if necessary, it is ready to see this case through. Docket No. 888. But regardless of what occurred when counsel for Mrs. Vázquez-Garced met with representatives from the U.S. Attorney's Office in Puerto Rico and Main Justice, the reality is that the Court has never asked to be privy to the details regarding those meetings. And there

| UNITED STATES OF AMERICA V. VÁZQUEZ-GARCED, ET AL. | Page 2 |
|---|---|

is a simple reason for why the Court has never done so: as the Court has repeatedly made clear, it does not participate in plea negotiations. In fact, Federal Rule of Criminal Procedure 11(c)(1) plainly states the "role the trial judge can have in plea negotiations: absolutely none." *United States v. Bauzó-Santiago*, 867 F.3d 13, 20 (1st Cir. 2017).

Indeed, the Court could probe Mrs. Vázquez-Garced about her "participation in the plea negotiation process" during her plea hearing, but such inquiry would be limited to confirming that her plea is "knowing and voluntary." *See United States v. Adams*, 971 F.3d 22, 39 (1st Cir. 2020). So, at bottom, the Court sees no legally sound reason (procedural or substantive) that would justify the filing of the motion at Docket No. 887.[1]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of August 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

[1] Counsels for Mrs. Vázquez-Garced are reminded that non-dispositive motions, such as this one, should not exceed 15 pages. *See* Local Rule 7(e). Ordinarily, if a party files a motion that exceeds that page limit, without prior leave of Court, the Court may strike it. The Court, however, will exercise its discretion and not do so here.